**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| WELLS FARGO BANK N.A. AS TRUSTEE FOR AEGIS ASSET BACKED SERCURITIES TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-4, | Case No. 1:21-cv-21156<br>State Ct. Case No. 2016CA028602 |

                Plaintiff,
vs.

MAX KRAUSHAAR, ET AL.,

                Defendants.
_____/

**WELLS FARGO'S MOTION TO REMAND, FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT POWER TO SANCTION, AND FOR REASONABLE FEES AND COSTS**

Plaintiff Wells Fargo Bank N.A., as Trustee for AEGIS Asset-Backed Securities Trust Mortgage Pass-Through Certificates Series 2004-4 ("Wells Fargo"), pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power to sanction, moves to remand this action to state court, to sanction attorney Julio Marrero and the law firm of Marrero, Chamizo, Marcer Law LP ("Marrero Law") for removing this case in bad faith and for repeatedly abusing the removal statute for purposes of delay, and to recover its reasonable attorneys' fees and costs, and in support of its Motion states:

**I.    SUMMARY OF THE ARGUMENT**

It continues. In case after case—and, despite reprimands and even sanctions—attorney Julio Marrero and Marrero Law continue to file "patently frivolous" removals, removals "reflect[ing] pure gamesmanship." *Deutsche Bank Nat'l Trust Co., as Trustee etc. v. Francisca Valdes, et al.*, No. 21-cv-20801-BLOOM/Otazo-Reyes, at 2-3 (S.D. Fla., Mar. 11, 2021), ECF

Case No. 1:21-cv-21156

No. [6].[1] Despite this Court's rebuke *last month*, counsel continues to "improperly remov[e]" residential foreclosure cases "in an apparent attempt to delay [] impending foreclosure sale[s]." *Id.* at 2.

Here, remand, sanctions, and an award of Wells Fargo's reasonable attorneys' fees are proper for removing this case in bad faith because:

(a) Defendants Max Kraushaar and Olinda Kraushaar's (hereafter "Kraushaars") facially deficient, post-foreclosure judgment removal notice was improper for at least two reasons. First, post-judgment removal is only permitted in limited, not applicable circumstances. *See, e.g., McLean v. Terence Nero*, 8:20-CV-108-T-60CPT, 2020 WL 2084775, at *1 (M.D. Fla. Apr. 30, 2020) ("When a defendant in a foreclosure action attempts 'to remove [a] foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment'.") (citation omitted); *Imperial Fund I, LLC v. Orukotan*, 21-CV-60162-RAR, 2021 WL 752577, at *2 (S.D. Fla. Feb. 25, 2021) (citations omitted) (remanding *pro se* borrower's post-foreclosure judgment removal, filed before hearing resetting state court sale, awarding attorney's fees for "apparent abuse of the removal statutes and procedures"). And second, federal review of the final judgment setting the foreclosure sale that the Kraushaars challenge would violate the *Rooker-Feldman* doctrine. *See, e.g., McLean*, 2020 WL 2084775, at *1 (finding review of state court writ of possession violates *Rooker-Feldman*).

(b) The Kraushaars fail to meet their burden of showing removal was proper. They make vague accusations that Wells Fargo intentionally violated federal regulation 12. C.F.R §

---

[1] Wells Fargo requests this Court take judicial notice of the pleadings and papers filed in the *Valdes* state court foreclosure action, Miami-Dade Circuit Court Case No. No. 2015-CA-028190, as well as the federal action to which it was removed, before being remanded. *See Valdes*, No. 21-cv-20801.

Case No. 1:21-cv-21156

1024.41(g), prohibiting foreclosure sales (under certain circumstances) after a borrower's submission of a timely, complete loss mitigation application; but the Kraushaars don't even allege they submitted such a timely, complete application.[2] *See BAC Home Loans Servicing v. Claudet*, 616CV314ORL40GJK, 2016 WL 1743353, at *2 (M.D. Fla. Apr. 13, 2016), *report and recommendation adopted,* 616CV314ORL40GJK, 2016 WL 1732675 (M.D. Fla. May 2, 2016) (reiterating presumption favoring remand and removing party's burden to demonstrate removal was proper) (citations omitted).

(c) This Court lacks subject matter jurisdiction over this 2016 residential mortgage foreclosure action after it was adjudicated to a final judgment, in December 2020, and the removal is untimely. First, the removal is post-judgment and therefore improper in most circumstances, including this one. *See, e.g., McLean*, 2020 WL 2084775, at *1 (remanding post-judgment foreclosure, reiterating "[p]ost-judgment removal is only permitted in limited circumstances") (citation omitted). Second, removal is untimely because the Miami-Dade County Clerk's sale notice, upon which the Kraushaars wish to rely under 28 U.S.C. § 1446(b)(3) as their "*other paper* from which it may *first* be ascertained that the case is one which is or has become removable," simply restates the December 2020 final judgment's sale date. So, even if setting the sale formed grounds for removal, which it does not, the clock for removal would have ended 30 days from serving the judgment. *See id.* And third, the substance the removal notice contains nothing beyond conclusory snippets and case citations, failing to even meet the requirements under 12 C.F.R. § 1024.41(g).

---

[2] Wells Fargo requests this Court take judicial notice of the pleadings and papers filed in the state court foreclosure action, Case No. 2016CA028602, pursuant to Fed. R. Evid. 201(b); *see United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1999) (federal court may take judicial notice of state court records).

Case No. 1:21-cv-21156

(d)     This is also not the first instance of Mr. Marrero and Marrero Law improperly removing a state foreclosure action, post-judgment. *See, e.g., Wells Fargo Bank, N.A. vs. Ana Medina Hinojosa,* Case No. 19-22141-CIV-ALTONAGA (S.D. Fla. 2019); *In Re Hinojosa*, Case No. 10-40709-AJC) (Bankr. S.D. 2010) (removed post-judgment to U.S. District Court, four days before foreclosure sale, remanded for failure to file status report; removed again to bankruptcy court, the day before the reset sale; Mr. Marrero sanctioned $7,950.00, required to take CLE classes and case remanded);[3] *Wells Fargo Bank, N.A. v. Michelle S. Buckles, et al.*, Case No. 4:19-cv-10125-JEM (S.D. Fla. 2019) (after consent judgment, removal notice filed day before foreclosure sale for alleged violation of 12. C.F.R § 1024.41 relating to loss mitigation, remanded by default for failing to respond);[4] *Deutsche Bank Nat'l Trust Co., at Trustee etc. v. Julio Rodriguez, et al.*, Case No. 1:19-CV-24882-MARTINEZ (S.D. Fla. 2019) (removed post-judgment on day of foreclosure sale, district court entered $6,150.00 stipulated judgment against Mr. Marrero on Rule 11 sanctions and attorney fee motions, remanded to state court).[5]

(e)     And, Mr. Marrero and his firm were ***admonished last month***, on March 11, 2021, by Judge Beth Bloom for "improperly remov[ing] a number of foreclosure cases to federal court in an apparent attempt to delay the impending foreclosure sale." *Valdes*, No. 21-cv-20801, at 2, ECF No. [6]. Judge Bloom cited **seven** cases in support—six of which are not even mentioned above—observing:

---

[3] Wells Fargo requests this Court take judicial notice of the pleadings and papers filed in the *Hinojosa* state court foreclosure action, Miami-Dade Circuit Court Case No. 2015-018380-CA-02, as well as the federal district court and bankruptcy actions to which it was removed.

[4] Wells Fargo requests this Court take judicial notice of the pleadings and papers filed in the *Buckles* state court foreclosure action, Monroe County Circuit Court Case No. 2018-CA-000588-P, as well as the federal action to which it was removed.

[5] Wells Fargo requests this Court take judicial notice of the pleadings and papers filed in the *Rodriguez* state court foreclosure action, Miami-Dade Circuit Court Case No. 2017-CA-000292-11, as well as the federal action to which it was removed.

Case No. 1:21-cv-21156

> These removals are *patently frivolous and reflect pure gamesmanship*. Each removal lacks a proper foundation and, oftentimes, the removing party fails to pay the filing fee, file the civil cover sheet, and/or file the state court record, as occurred in this case. Each case reveals counsel's use of a *removal* to federal court *as a means to an end in order to postpone a foreclosure sale*. This conduct runs *contrary to counsel's duty of candor to the tribunal* and serves only to waste limited resources of all parties and institutions involved—both at the state and federal level.

*Id.* at 2-3 (emphasis added). The Court also required Mr. Marrero to "review his ethical obligations under the Rules Regulating the Florida Bar." *Id.*

Since neither sanctions in several 2019 actions nor the warning *last month* by Judge Bloom were sufficient to deter Mr Marrero and Marrero Law from continuing to abuse the federal removal process, further sanctions are needed to stop their pattern and practice of improper delay tactics to defeat foreclosure sales in the future.

## II.  MEMORANDUM OF LAW

### a. The Kraushaars' post-judgment removal is improper and federal review would violate the *Rooker-Feldman* doctrine.

After having notice of the foreclosure sale for over three months, since the December 18, 2020 entry of final summary judgment, and after filing an appeal of that judgment with the Florida Third District Court of Appeal,[6] the Kraushaars filed their notice of removal on March 26, 2021, one business day before the scheduled March 29 state court foreclosure sale.

But the removal is improper for at least two reasons. First, post-judgment removal "is only permitted in limited circumstances," *McLean*, 2020 WL 2084775, at *1, and those circumstances do not apply here. *See, e.g., Imperial Fund I, LLC*, 2021 WL 752577, at *2 (remanding where *pro se* borrower in post-judgment foreclosure action removed before hearing

---

[6] The appeal, filed January 20, 2021, remains pending in the state appellate court. *See generally Kraushaar v. Wells Fargo Bank, N.A. etc.*, No. 3D21-373 (Fla. 3d DCA 2021).

Case No. 1:21-cv-21156

on resetting the sale, awarded attorney's fees for "apparent abuse of the removal statutes and procedures"); *McLean*, 2020 WL 2084775, at *1 ("When a defendant in a foreclosure action attempts 'to remove [a] foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment'.") (citation omitted); *Fed. Nat'l Mortgage v. Woodroffe*, 8:20-CV-25-T-60AAS, 2020 WL 1550736, at *1 (M.D. Fla. Apr. 1, 2020), *appeal dismissed,* 20-11660-G, 2020 WL 4462190 (11th Cir. May 29, 2020) (remanding post-judgment foreclosure after *pro se* borrower removed following issuance of writ of possession); *c.f. Aurora Loan Services*, 762 Fed. Appx. at 627-628 (describing "limited circumstances" under which post-judgment removal is permissible). As in *Imperial Fund* and *McLean*—where defendants in mortgage foreclosures removed post-judgment "for the purpose of prolonging or evading the foreclosure proceedings," *Imperial Fund I, LLC*, 2021 WL 752577, at *6; and to "stall the state court foreclosure proceedings," *McLean*, 2020 WL 2084775, at *1—the Kraushaars' removal is an inappropriate tactical tool to delay execution of the state court judgment.

And second, if this Court reviewed the propriety of the state court ordering the March 29, 2021 foreclosure sale in its December 2020 final judgment, this would violate the *Rooker-Feldman* doctrine. *Rooker-Feldman* bars federal courts from adjudicating claims that are "inextricably intertwined with a state court judgment." *Carr v. U.S. Bank as trustee for TBW Mortgage Backed Tr. Series 2006-6*, 793 Fed. Appx. 971, 974 (11th Cir. 2019) (citation omitted). And, "[a] claim is inextricably intertwined 'if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues'." *Id.* at 973-74 (citation omitted). Reviewing whether a foreclosure sale can proceed, even because of a federal regulation on loss mitigation applications, would at least review the state court's

Case No. 1:21-cv-21156

final judgment wherein it set the sale, thereby violating the doctrine.[7] *See McLean*, 2020 WL 2084775, at *1 (finding review of state court writ of possession violates *Rooker-Feldman*); *Woodroffe*, 2020 WL 1550736, at *1 (same). *See generally Zaychick v. Bank of Am., N.A.*, 146 F. Supp. 3d 1273, 1278 (S.D. Fla. 2015) (applying *Rooker-Feldman*, barring mortgagor's affirmative action under 12 C.F.R. § 1024.41 where she argued state court should have cancelled foreclosure sale due to loss mitigation review).

### b. The Kraushaars' facially deficient notice fails to meet their burden supporting removal.

The removal notice is facially deficient, devoid of factual allegations, and the Kraushaars fail to meet their burden supporting removal. *See BAC Home Loans Servicing v. Claudet*, 616CV314ORL40GJK, 2016 WL 1743353, at *2 (M.D. Fla. Apr. 13, 2016), *report and recommendation adopted,* 616CV314ORL40GJK, 2016 WL 1732675 (M.D. Fla. May 2, 2016) (reiterating presumption favoring remand and removing party's burden to demonstrate removal was proper) (citations omitted).

The Kraushaars make vague accusations that Wells Fargo intentionally violated federal regulation 12. C.F.R § 1024.41(g). But the foreclosure is post-judgment; no claim, counterclaim, cross-claim or third-party claim is pending related to a loss mitigation application; and the Kraushaars don't even allege they submitted a timely, complete loss mitigation application before the scheduled March 26 foreclosure sale. Their removal notice is little more than string citations, interspersed with a sprinkling of unsupported, conclusory claims. *See Valdes*, No. 21-cv-20801, at 2 (remanding, *sua sponte*, where broad CARES Act claims "fall[] well short of satisfying [] burden" for removal).

---

[7] The Kraushaars also failed to give the state court an opportunity to examine their argument since they did not file any motion seeking to cancel the foreclosure sale but proceeded directly to removal.

Case No. 1:21-cv-21156

The patently frivolous nature of the removal notice and its filing one business day before the sale supports the conclusion that its principal aim was preventing Wells Fargo from obtaining its *in rem* relief; an aim it unfortunately achieved. *C.f. id.* (noting Mr. Marrero "improperly removed a number of foreclosure cases to federal court in an apparent attempt to delay the impending foreclosure sale.") The Court should remand.

> c. **This Court lacks subject matter jurisdiction and the removal is untimely where no pleading pending in state court alleges violations of 12 C.F.R. § 1024.41(g), where the Kraushaars make no allegation and provide no evidence of submitting a complete loss mitigation application, and where the sale notice they rely upon for removal is insufficient under 28 U.S.C. § 1446(b)(3).**

The Kraushaars' basis for removal is difficult to discern; it is based on a county clerk's sale notice that allegedly shows Wells Fargo violated federal RESPA regulation 12 C.F.R § 1024.41(g), a provision prohibiting foreclosure sales (under certain circumstances) after timely submission of a loss mitigation application. (*See* Notice of Removal, ECF 1 at 2-3.) But removal is factually unsupported, this Court lacks jurisdiction, and remand is proper.

As a threshold matter, the Kraushaars do not have any pleading pending in the state court making any allegation related to 1024.41(g): final summary judgment of foreclosure was entered for Wells Fargo on December 18, 2020, and their counterclaims were dismissed in June 2020 and February 2021. No basis for this Court's jurisdiction therefore exists. *See, e.g., McLean*, 2020 WL 2084775, at *1 ("When a defendant in a foreclosure action attempts 'to remove [a] foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment'.")

Removal is also untimely. Subpart 1446(b)(3), relied upon by the Kraushaars, states, in relevant part, that:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed *within 30 days* after receipt by the defendant, through

Case No. 1:21-cv-21156

> service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may **first** be ascertained* that the case is one which *is or has become removable.*

28 U.S.C. § 1446(b)(3) (emphasis added). The Kraushaars point to the Miami-Dade Clerk of Court's issuance, on March 1, 2021, of the Notice of Judicial Sale by the Clerk as the "other paper" from which "it may first be ascertained that the case is one which is or has become removable." *Id.* (*See generally* Notice of Removal, ECF 1 at 3.) But the clerk's sale notice entirely fails to make this showing. Not only does the filing itself not reflect any basis for federal jurisdiction, but the notice only restates the March 29, 2021 sale date previously ordered by the state court in its December 2020 final summary judgment. (*Compare* Summ. Final J., Dec. 18, 2020 *with* Notice Jud. Sale, Mar. 1, 2021.) The Kraushaars offer no factual or record support for their reliance on the clerk notice as meeting Subpart 1446(b)(3), United States Code. Since the December 2020 judgment—not the clerk's March 1 sale notice—ordered the March 29 sale, and since neither supports federal removal, the Kraushaars removal notice was untimely.

Finally, the Kraushaars fail to allege any facts related to a violation of federal law. Subsection (g) provides:

> (g) Prohibition on foreclosure sale. If a borrower submits a *complete* loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but *more than 37 days before* a foreclosure sale, a servicer *shall not move for* foreclosure judgment or order of sale, *or conduct a foreclosure sale, unless*:
>
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

Case No. 1:21-cv-21156

12 C.F.R. § 1024.41(g) (emphasis added). The Kraushaars' removal notice contains nothing beyond conclusory snippets and case citations. They do not even allege they submitted a complete loss mitigation application, let alone that the submission met the above requirements.

Because this Court lacks subject matter jurisdiction over this residential foreclosure action, it should remand to the state court.

> d. **Sanctions should be imposed upon Julio Marrero, Esq. and Marrero Law, pursuant to the Court's inherent powers, for their bad faith abuse of the removal statute, removing this case post-judgment to defeat the foreclosure sale without any basis in law or fact**

Federal courts have inherent and discretionary powers to control and discipline attorneys appearing before them. *In re Mroz*, 65 F.3d 1567, 1574-75 (11th Cir. 1995). A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process, including assessing sanctions against an attorney for acting in bad faith. *Id.* at 1575. The existence of Rule 11 does not displace a court's inherent power to impose sanctions for bad faith conduct. *Id.*

The complete lack of any objective, reasonable factual or legal basis for filing the untimely post-judgment notice of removal in this case—discussed in detail in the above sections—evidences Julio C. Marrero, Esq's. bad faith in filing the notice of removal.

Nor is this the first time Mr. Marrero and Marrero Law have filed removal notices post-judgment to defeat a foreclosure sale. Mr. Marrero has employed the tactic of improperly removing a state court foreclosure action **post-judgment** in **at least[8] six cases**, including this one—or **ten cases**, if including those cited by Judge Bloom in the *Valdes* matter; *see Valdes*, No.

---

[8] Undersigned counsel's law firm has encountered the Marrero Law firm's frivolous removals in four foreclosure actions it has represented the mortgagees in, including this one. Because Judge Bloom's footnote citation in *Valdes* listing similar cases was not exhaustive—it did not include several of the cases discussed in this motion, for instance—there may be many more cases where Marrero Law filed similarly frivolous removal notices.

10

21-cv-20801, at n.3—and has been sanctioned for this conduct on at least one occasion. In one of the cases, he improperly removed the foreclosure action, post-judgment, *twice* – first to the U.S. District Court, and then after remand, a second time to the Bankruptcy Court. *See Hinojosa*, No. 19-22141; *In Re Hinojosa*, No. 10-40709.

Mr. Marrero and Marrero Law are engaging in a pattern and practice of filing frivolous removals in post-judgment foreclosure actions and Mr. Marrero and the Marrero Law firm are aware that these filings are improper. Yet they persist. Sanctions to deter future violations are appropriate.

### i. The *Valdes* removal

Mr. Marrero and Marrero Law represent Francisca Valdes a/k/a Francisca Gema Valdes in a 2015 residential mortgage foreclosure still pending in state court. *See Deutsche Bank Nat'l Trust Co., as Trustee etc. v. Valdes*, No. 2015-CA-028190 (Fla. 11th Jud. Cir. Ct., filed Dec. 4, 2015).

On July 27, 2018, the parties entered a consent judgment and a foreclosure sale was scheduled, but was twice cancelled, in November 2018 and April 2019, because Ms. Valdes filed for bankruptcy. When the foreclosure sale was re-noticed for March 1, 2021, Mr. Marrero and Marrero Law filed a removal notice with this Court on February 26, 2021—as here, one business before the sale—alleging an unspecified violation of the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"). *Valdes, et al.*, No. 21-cv-20801, ECF No. [1].

Before Plaintiff, represented by undersigned counsel, could move to remand and for sanctions, the Court *sua sponte* remanded the case. *Id.*, ECF No. [6]. Besides citing noncompliance with Court notices (filing fee, Civil Cover Sheet, attaching state court records), Judge Bloom also ordered remand because the Ms. Valdes's notice was overly broad and that it fell "well short of satisfying" the burden of showing a basis for removal. *Id.* at 2.

Case No. 1:21-cv-21156

Judge Bloom also rebuked Mr. Marrero for substantially the same conduct he engages here, noting he "improperly removed a number of foreclosure cases to federal court in an apparent attempt to delay the impending foreclosure sale." *Id.* The remand order cites **seven** cases in support and observes:

> These removals are *patently frivolous and reflect pure gamesmanship*. Each removal lacks a proper foundation and, oftentimes, the removing party fails to pay the filing fee, file the civil cover sheet, and/or file the state court record, as occurred in this case. Each case reveals counsel's use of a *removal* to federal court *as a means to an end in order to postpone a foreclosure sale*. This conduct runs *contrary to counsel's duty of candor to the tribunal* and serves only to waste limited resources of all parties and institutions involved—both at the state and federal level.

*Id.* at 2-3 (emphasis added). Finally, the Court required Mr. Marrero to "review his ethical obligations under the Rules Regulating the Florida Bar." *Id.* at 3.

That was approximately three weeks ago. The improper behavior continues.

### ii. The *Hinojosa* removal

Mr. Marrero and Marrero Law represented Ana Medina Hinojosa in the state court foreclosure action styled *Wells Fargo Bank, N.A. vs. Ana Medina Hinojosa*, Case No. 2015-018380-CA-02 in Miami-Dade County Circuit Court.

Mr. Marrero's Post-Judgment Removal to U.S. District Court. Wells Fargo obtained a final judgment of foreclosure on February 12, 2019, after a contested non-jury trial. Pursuant to a joint agreed motion, the final judgment was amended and the foreclosure sale reset to May 28, 2019. On May 24, 2019, four days before the May 28, 2019 foreclosure sale, Mr. Marrero filed a notice of removal to U.S. District Court, defeating the foreclosure sale. The U.S. District Court remanded the case to state court on June 10, 2019, after Mr. Marrero failed to respond to a May 28, 2019 order requiring him to file a Removal Status Report by June 7, 2019.

Case No. 1:21-cv-21156

<u>Mr. Marrero's Purported Post-Judgment Removal to U.S. Bankruptcy Court</u>. Following the remand from U.S. District Court, Wells Fargo successfully moved to reset the foreclosure sale, which was reset by Court order for August 20, 2019. On August 19, 2019, *the day before* the reset sale date, Mr. Marrero filed in the state court foreclosure a "Notice of Automatic Stay and Removal to Bankruptcy Court for the Southern District of Florida, Miami Division, Pursuant to Rule 9027(c)", and filed a corresponding "Notice of Removal of Civil Action, Related to Bankruptcy Case And Motion to Reopen Case With Incorporated Memorandum of Law", in Ms. Hinojosa's 2010 Bankruptcy Case, Case No. 10-40709-AJC. Bankruptcy Judge A. Jay Cristol, on September 6, 2019, issued a show cause order.

After a September 2019 hearing on the show cause order, Mr. Marrero was sanctioned by Judge Cristol on November 26, 2019—this was *the same day* that Mr. Marrero filed the notice of removal in the *Rodriguez* case discussed below. Judge Cristol found the removal notice "of a state court foreclosure action after final judgment had been entered and on the eve of the foreclosure sale was improper, untimely and frivolous. . ." (ECF 49, at 2.) Judge Cristol also required Mr. Marrero to complete 20 hours of Continuing Legal Education, (ECF 49,) and, in January 2020, ordered him pay $7,950.00 for plaintiff's reasonable attorney's fees and costs. (ECF 54, at 3.)

    iii.   The *Buckles* Removal

Mr. Marrero represented Michelle S. Buckles in a state court foreclosure action styled *Wells Fargo Bank, N.A. v. Michelle S. Buckles, et al.*, Monroe County Circuit Court Case No. 2018-CA-000588-P.[9] A consent judgment of foreclosure was entered on March 26, 2019,

---

[9] Deutsche Bank requests this Court take judicial notice of the pleadings and papers filed in the *Buckles* state court foreclosure action, as well as the federal action to which it was removed, S.D. Fla. Case No. 4:19-cv-10125-JEM.

13

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 600, CORAL GABLES, FLORIDA 33134 (305) 569-4100

Case No. 1:21-cv-21156

providing for a sale date of July 23, 2019. On July 23, 2019, *the day of* the foreclosure sale, Mr. Marrero filed a notice of removal, alleging a violation of 12 C.F.R. § 1024.41 relating to loss mitigation efforts. Wells Fargo Bank, N.A filed a motion to remand on August 22, 2019. When Mr. Marrero did not timely respond, the Court issued an Order to Show Cause requiring a response within 20 days (ECF 20). Still, Mr. Marerro did not respond. The Court then granted the Motion to Remand by default on October 29, 2019.

### iv. The *Rodriguez* Removal

Mr. Marrero and Marrero Law represented Felix Montalvo as Personal Representative of the Defendant Estate of Berta Montalvo in the state court foreclosure action styled *Deutsche Bank Nat'l Trust Co., as Trustee vs. Julio Rodriguez*, Case No. 2017-000292-CA-11 in Miami-Dade County Circuit Court. On September 27, 2019, a consent final judgment was entered, pursuant to a confidential settlement and release agreement, and the foreclosure sale was scheduled for November 26, 2019. On the day of the sale Mr. Marrero removed the action to this Court, alleging—as here—a violation of 12 C.F.R. § 1024.41 relating to loss mitigation efforts. *See Rodriguez*, No. 1:19-CV-24882.

The plaintiff moved for remand in December 2019, as well as to enforce the settlement, and for sanctions against Mr. Marrero under the Court's inherent powers. (*Id.*, ECF 6, 9.) Separately, the plaintiff also moved for Rule 11 sanctions against him. (*Id.*, ECF 15.) After the removing defendants failed to respond to the motion for remand, the Court granted the motion by default, additionally noting it found "no basis for the purported removal. . . [where] [t]here is no pending claim or defense in the state court foreclosure action based on Defendants' purported basis for removal. . ." (*Id.*, ECF 19.) The Court granted plaintiff's reasonable attorneys' fees and costs, and reserved jurisdiction on the Rule 11 sanctions motion. (*Id.*) The parties reached a joint stipulation on the pending motions for attorney's fees and costs (*Id.*, ECF 21) and the rule 11

14

Case No. 1:21-cv-21156

motion (*Id.*, ECF 15) and, in June 2020, a stipulated final judgment against the defendant, Mr. Marrero, and Marrero Law, awarding plaintiff $6,150.00. (*Id.*, ECF 39.) The sanctions award was only paid after further motion practice, on November 2, 2020 (*Id.*, ECF 47), after the Court issued a show cause order and set a November 3, 2020 hearing. (*Id.*, ECF 46.)

      e. **Wells Fargo Is Entitled To Recover Its Reasonable Attorneys' Fees and Costs Pursuant to 28 U.S.C. §1447(c)**

Wells Fargo has incurred unnecessary attorney fees and costs in seeking to remand this action. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The notice of removal in this case is frivolous, without any objectively reasonable basis, and served only to wrongfully delay the March 1, 2021 foreclosure sale in the state court action. There is absolutely no basis for removal, the court lacks subject matter jurisdiction, and the removal was untimely. Wells Fargo should recover its attorney fees and costs incurred in moving to remand this action. *Hajdasz v. Magic Burgers, LLC*, 2018 WL 7436133 at *11-12 (M.D. Fla. Dec. 10, 2018) (awarding fees and costs for improper and untimely removal that lacked an objective reasonable basis); *Devine v. Prison Health Services, Inc.*, 212 F. App'x 890 (11th Cir. 2006) (affirming district court's award of fees and costs for wrongful removal "where the complaint asserted no federal question on its face and [defendant] failed to provide a reasonable argument in support of diversity jurisdiction").

**III.**    **CONCLUSION**

The Kraushaars' facially deficient removal notice fails, both on the facts and the law. But the Court should go beyond these inadequacies here. Attorney Marrero and Marrero Law's conduct is "patently frivolous and reflect[s] pure gamesmanship," *Valdes,* No. 21-cv-20801. They continue filing frivolous removals to cancel foreclosure sales—despite repeated court

Case No. 1:21-cv-21156

warnings *and* sanctions. Their conduct reflects a blatant disregard for the law and the rules. Court action is needed to put an end to this harmful pattern and practice.

**WHEREFORE**, Plaintiff Wells Fargo respectfully requests this Honorable Court (a) remand this action to state court; (b) award Wells Fargo its reasonable attorneys' fees and other expenses pursuant to 28 U.S.C. §1447(c); and (c) sanction attorney Julio C. Marrero and Marrero Law for the improper notice of removal, including by awarding Wells Fargo its reasonable expenses associated with preparing this motion, expenses resulting from the delayed foreclosure sale (such as additional escrow advances and attorneys' fees), and any additional sanction the Court deems appropriate to deter Julio C. Marrero, Esq. and Marrero Law from continuing to abuse the removal process.

### Local Rule 7.1(a)(3) Certification

I, Jan Timothy Williams, hereby certify that I have made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, but I have been unable to do so. On April 1, 2021, at 4:39 pm, I sent counsel for the Kraushaars, Mr. Marrero, an email requesting that he agree to remand the case; to reimburse Wells Fargo for all costs and reasonable attorney's fees for the improper removal; to pay Wells Fargo for the costs resulting from the improper cancellation and delay of the foreclosure sale; and to agree to refrain from future improper removals in this case going forward. On April 2, 2021, at 10:35 am, undersigned counsel followed up on the request via email. On April 2, 2021, at 4:10 pm, undersigned counsel followed up again on the request via email, advising that he intended to file a motion to remand after 5 pm and offering to discuss the demands made on the phone. At 4:54 pm on April 2, 2021, non-attorney, Eqramul Chowdhury, responded via email advising that Mr. Marrero was out of the office, would evaluate my email, and would respond by Monday, April 5, 2021 at noon. No response has been received.

*s/ Jan Timothy Williams*
JAN TIMOTHY WILLIAMS

Case No. 1:21-cv-21156

### Certificate of Service

**I HEREBY CERTIFY** that on April 5, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to counsel of record listed below.

    Respectfully submitted,

*s/ Jan Timothy Williams*
JAN TIMOTHY WILLIAMS
Florida Bar No.: 92604
*Counsel for Plaintiff*
LAPIN & LEICHTLING, LLP
255 Alhambra Circle, Suite 600
Coral Gables, Florida 33134
Telephone: (305) 569-4100
jwilliams@ll-lawfirm.com
eservice@ll-lawfirm.com

### SERVICE LIST

Julio C. Marrero, Esq.
Marrero, Chamizo, Marcer Law, LP
3850 Bird Road, Penthouse One
Coral Gables, FL 33146
Telephone No.: (305) 446-0163
julio@marrerolawfirm.com
*Counsel for Max and Olinda Kraushaar*