UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21156-GAYLES

**WELLS FARGO BANK N.A., as Trustee
for AEGIS Asset Backed Securities Trust
Mortgage Pass Through Certificates
Series 2004-4**,

    Plaintiff,

v.

**MAX KRAUSHAAR and
OLINDA KRAUSHAAR**,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Plaintiff Wells Fargo Bank N.A.'s Motion to Remand, for Sanctions Pursuant to the Court's Inherent Power to Sanction, and for Reasonable Fees and Costs (the "Motion") [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

On November 4, 2016, Plaintiff, as Trustee for AEGIS Asset Backed Securities Trust Mortgage Pass Through Certificates Series 2004-4, brought a mortgage foreclosure action against Defendants in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("State Circuit Court").[1] On March 26, 2021, Defendants Max Kraushaar and Olinda Kraushaar removed this action from the State Circuit Court (the "Notice of Removal"). [ECF No. 1]. On April 5, 2021,

---

[1] The Court takes judicial notice of the State Circuit Court's online docket and the documents therein in the original state action titled *Wells Fargo Bank N.A. v. Max Kraushaar et al.*, Case No. 2016-028602-CA-01. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Plaintiff filed the instant motion, arguing that Defendants' Notice of Removal is facially deficient and fails to show that removal is proper. [ECF No. 6]. Plaintiff also argues that the Court lacks subject matter jurisdiction over this action. *Id.* In addition, the Motion details the recent string of improper removals in state post-judgment foreclosure actions by Julio Marrero, Esq., and the law firm Marrero, Chamizo, Marcer Law LP, who represent Defendants. *Id.*

Defendants failed to timely respond to the Motion. This error is fatal for Defendants because "[o]n a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Williams v. Aquachile, Inc.*, 470 F. Supp. 3d 1277, 1279 (S.D. Fla. 2020) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)). Because Defendants failed to timely respond to the Motion, they fail to establish the Court's subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Wells Fargo Bank N.A.'s Motion to Remand, for Sanctions Pursuant to the Court's Inherent Power to Sanction, and for Reasonable Fees and Costs, [ECF No. 6], is **GRANTED**.

2. The above-styled case is **REMANDED** to Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. Plaintiff Wells Fargo Bank N.A. shall be awarded **$500.00** as reasonable costs and attorney's fees, which Plaintiff shall recover from Defendants Max Kraushaar and Olinda Kraushaar and their counsel, Julio Marrero, Esq., of the law firm Marrero, Chamizo, Marcer Law LP, jointly and severally.

4. Any pending motions are **DENIED as moot**.

5. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 21st day of April, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE